**FILED**
July 27, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____JG_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case No: EP:22-CR-01252-DB |
| Plaintiff, | § | **I N D I C T M E N T** |
| v. | § § | CT 1:   18 U.S.C. §§ 1343 & 1349 – Conspiracy to Commit Wire Fraud |
| (1) RUSSELL ALAN VANDENBURG and (2) SCOTT ANTHONY STUART, | § § § | CTS 2-11:  18 U.S.C. § 1343 – Wire Fraud |
| Defendants. | § § § § § | *Notice of Government's Demand for Forfeiture* |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(18 U.S.C. §§ 1343 & 1349)**
**(Conspiracy to Commit Wire Fraud)**

**INTRODUCTION**

At times relevant to this Indictment:

1.     Defendant RUSSELL ALAN VANDENBURG held various management and leadership roles at companies (the "Companies") that provided services in the real estate industry, including property management, construction management, and property acquisition. The Companies had offices in El Paso, Texas and other parts of the United States. Defendant RUSSELL ALAN VANDENBURG's office was in El Paso, Texas. Defendant RUSSELL ALAN VANDENBURG's positions at the Companies varied and included roles such as Chief Executive Officer.

2. Defendant SCOTT ANTHONY STUART was employed by one of the Companies and worked in accounting. Defendant SCOTT ANTHONY STUART worked at the same location in El Paso, Texas as defendant RUSSELL ALAN VANDENBURG.

3. The Companies entered into contracts to provide management services for real estate properties, such as hotels and apartment complexes, on behalf of the owners of the properties. Various persons and entities (the "partners") had an ownership interest in the properties through partnerships and other business relationships. The properties were located in El Paso, Texas and other parts of the United States.

4. Pursuant to their contractual obligations, the Companies were required to perform a number of services, including the following: operating, maintaining, and managing the properties; managing staff employed by the properties; and conducting day-to-day operations of the properties.

5. As part of their contractual obligations, the Companies collected revenues and other funds resulting from the operation of the properties, such as income from renting rooms at hotels and apartment complexes; income from the sale of food and beverages at hotels; and occupancy taxes.

6. In some cases, the Companies also received other funds entrusted to them for the benefit of the properties, such as contributions made by the partners to cover operating expenses or to pay for improvements to the properties.

7. As part of their contractual obligations, the Companies were also required to maintain separate bank accounts for each of the properties that the Companies managed. The Companies were required to deposit funds received from operating the properties into those bank accounts. The management agreements identified the permissible uses of those funds.  As part of

their contractual obligations, the Companies were required to keep each property's funds separate from the funds belonging to other properties.

8.  The Companies were also required to provide monthly reports to the partners with accurate financial and accounting information about the properties.

9.  Pursuant to the management agreements, the Companies were entitled to receive, on a monthly basis, a management fee for the services rendered under the agreements.

10.  The defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, exercised control over the bank accounts of the Companies, as well as the bank accounts of the properties managed by the Companies.

## THE SCHEME AND ARTIFICE TO DEFRAUD

11.  From at least on or about February 2, 2015, through on or about October 31, 2017, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, and others known and unknown to the Grand Jury, engaged in a scheme to defraud the partners by misrepresenting how funds obtained from the properties and for the benefit of the properties were going to be used and had been used, and by misappropriating those funds for RUSSELL ALAN VANDENBURG's own personal benefit and for the benefit of others without the knowledge or consent of the partners and in violation of the terms of the management agreements.

12.  As a part of the fraudulent scheme, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, caused funds to be transferred from the properties' bank accounts to the Companies' bank accounts without the knowledge and consent of the partners and in violation of the terms of the management agreements. In some cases, the funds from properties were commingled with the funds held on behalf of other properties and on behalf of the Companies in violation of the terms of the management agreements.

13. As a further part of the fraudulent scheme, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, caused the funds that had been improperly transferred from the properties' banks accounts to the Companies' banks accounts to be used for purposes that were not authorized under the terms of the management agreements. These non-authorized uses included covering shortfalls in the Companies' operations and paying the Companies' expenses; covering shortfalls and expenses for other properties; and paying for defendant RUSSELL ALAN VANDENBURG's personal expenses.

14. As a further part of the fraudulent scheme, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, made false and misleading statements to the partners about the properties, including statements about the properties' finances, and caused others to make false and misleading statements to the partners about the properties, including statements about the properties' finances, in order to conceal the misappropriation and misuse of funds.

15. As a further part of the fraudulent scheme, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, caused monthly reports to be sent via email to the partners that contained false and misleading statements to conceal the misappropriation and misuse of funds. In some cases, the monthly reports contained false and misleading statements that the Companies had paid expenses as required by the management agreements, such as leases, mortgages, and franchise fees, when in fact the expenses had not been paid. In some cases, the monthly reports contained false and misleading statements about the amount of cash in the properties' bank accounts. In some cases, the monthly reports did not include information and records required by the management agreements, such as copies of bank statements, in order to conceal the fraud.

16.     As a further part of the fraudulent scheme, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, concealed, and caused others to conceal, from the partners information that would have revealed the fraud, such as the Companies' failure to pay occupancy taxes.

17.     As a further part of the fraudulent scheme, the defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, also misappropriated funds that had been entrusted to them for property improvements. The defendants, RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART, made false and misleading statements to the partners, and caused others to make false and misleading statements to the partners, about the property improvements in order to conceal and further the scheme to defraud.

## STATUTORY ALLEGATION

18.     From at least on or about February 2, 2015, through on or about October 31, 2017, in the Western District of Texas, and elsewhere, the defendants,

**(1) RUSSELL ALAN VANDENBURG and
(2) SCOTT ANTHONY STUART,**

and others known and unknown to the Grand Jury, knowingly and willfully combined, conspired, confederated and agreed together and with each other to commit an offense, namely wire fraud, that is to knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, both by affirmative acts and by deceitful concealment of material facts, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Sections 1343 and 1349.

(Title 18, United States Code, Sections 1343 & 1349)

## COUNTS TWO THROUGH ELEVEN
### (18 U.S.C. § 1343)
### WIRE FRAUD

19. The Introduction and the Scheme and Artifice to Defraud alleged in Count One of this Indictment are realleged and incorporated by reference here.

20. On or about the following dates, in the Western District of Texas and elsewhere, the defendants,

### (1) RUSSELL ALAN VANDENBURG and
### (2) SCOTT ANTHONY STUART,

did devise and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, both by affirmative acts and by deceitful concealment of material facts, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count of this Indictment:

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 2 | August 1, 2017 | Transfer of funds in the amount of approximately $50,000 from one of the Companies' bank accounts at Bank A ending in 3244 to defendant RUSSELL ALAN VANDENBURG's bank account at Bank B ending in 5895 |
| 3 | August 2, 2017 | Transfer of funds in the amount of approximately $30,000 from one of the Companies' bank accounts at Bank A ending in 3244 to defendant RUSSELL ALAN VANDENBURG's bank account at Bank B ending in 5895 |
| 4 | August 22, 2017 | Transfer of funds in the amount of approximately $15,000 from one of the Companies' bank accounts at Bank A ending in 6373 to defendant RUSSELL ALAN VANDENBURG's bank account at Bank B ending in 5895 |
| 5 | August 29, 2017 | Transfer of funds in the amount of approximately $30,000 from one of the Companies' bank accounts at Bank A |

6

| | | ending in 3244 to defendant RUSSELL ALAN VANDENBURG's bank account at Bank B ending in 5895 |
|---|---|---|
| 6 | September 6, 2017 | Transfer of funds in the amount of approximately $25,000 from one of the Companies' bank accounts at Bank A ending in 3244 to defendant RUSSELL ALAN VANDENBURG's bank account at Bank B ending in 5895 |
| 7 | September 12, 2017 | Transfer of funds in the amount of approximately $10,000 from one of the Companies' bank accounts at Bank A ending in 3244 to defendant RUSSELL ALAN VANDENBURG's bank account at Bank B ending in 5895 |
| 8 | August 11, 2017 | Email sent from El Paso, Texas to out-of-state partners concerning the status of a property improvement plan for Hotel 1 |
| 9 | August 24, 2017 | Email sent from El Paso, Texas to out-of-state partners concerning July 2017 financial reporting for Hotel 2 |
| 10 | August 30, 2017 | Email sent from El Paso, Texas to out-of-state partners concerning July 2017 financial reporting for Hotel 1 |
| 11 | September 21, 2017 | Email sent from El Paso, Texas to out-of-state partners concerning August 2017 financial reporting for Hotel 3 |

All in violation of Title 18, United States Code, Section 1343.

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Wire Fraud and Conspiracy to Commit Wire Fraud Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 1343 and 1349, subject to forfeiture pursuant Title 18 U.S.C.**
**§ 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One through Eleven, the United States of America gives notice to defendants, **RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART**, of its intent to seek the forfeiture of certain properties upon conviction and pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Title 18 U.S.C. § 981(a)(1)(C)

7

states in pertinent part:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> \* \* \*
> (C)  Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in section 1956(c)(7).

This Notice of Demand of Forfeiture includes but is not limited to the property described below in Paragraph II.

## II.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Indictment for which defendants, **RUSSELL ALAN VANDENBURG and SCOTT ANTHONY STUART,** are liable.

### Substitute Assets

If any of the above described forfeitable properties, as a result of any act or omission of the Defendants:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred or sold to, or deposited with, a third person;
c.  has been placed beyond the jurisdiction of the Court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2, of any other property (substitute assets) of said Defendants up to the value of the forfeitable properties.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
    Assistant U.S. Attorney